IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


BRETT TODD PLEASANT, #147394,
    Petitioner,

vs.                                    Case No.:  3:05cv31/RV/EMT

THOMAS FORTNER,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent filed an amended motion to dismiss the petition as untimely and successive (Doc. 21).  Petitioner has filed a reply to the motion (Docs. 22, 23).  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

    The procedural background of this case is undisputed.  Petitioner is a state inmate serving two concurrent sentences of twenty-five (25) years imprisonment for armed robbery with a firearm and attempted armed robbery with a firearm (*see* Doc 1 at 1; Doc. 13, Ex. A at 206, 211, 220).  Petitioner directly appealed his convictions and sentences (*see* Doc. 1 at 2; Doc. 13, Ex. A at 244, Ex. B).  The Florida First District Court of Appeal ("First DCA") initially vacated Petitioner's sentences and remanded the case for resentencing; however, the Florida Supreme Court quashed the decision (*see* Doc. 21, Exs. D, E, F, G, H, I, J, K, L).  Pleasant v. State of Florida, 609 So.2d 57 (Fla. 1st DCA 1992); State of Florida v. Pleasant, 620 So.2d 1228 (Fla. 1993).  Therefore, on August 12,

1993, the First DCA issued another opinion affirming Petitioner's sentences, with the mandate issuing the same day (*see* Doc. 21, Exs. M, N). Pleasant v. State of Florida, 625 So.2d 1233 (Fla. 1st DCA 1993).

On September 3, 1992, while his direct appeal was still pending, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Florida. *See* Doc. 21, Ex. O; Pleasant v. Singletary, Case No. 3:92cv30387/WEA/SMN (Doc. 1). Respondent filed a response. *See* Doc. 21, Ex. P; Pleasant, 3:92cv30387 (Doc. 9). On June 3, 1993, the petition was dismissed with prejudice for Petitioner's failure to prosecute and failure to comply with an order of the court. *See* Doc. 21, Exs. Q, R; Pleasant, 3:92cv30387 (Docs. 14, 15).

On June 12, 2003, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure, which was denied by the state trial court on October 9, 2003 (*see* Doc 1 at 2-3; Doc. 21, Ex. S at 1-47). Petitioner appealed the decision to the First DCA, which affirmed the decision per curiam on February 25, 2004, with the mandate issuing March 23, 2004 (Doc. 21, Exs. T, U). Pleasant v. State of Florida, 868 So.2d 528 (Fla. 1st DCA 2004) (Table).

Petitioner filed the instant federal habeas petition on January 26, 2005 (Doc. 1 at 9). He challenges the legality of his sentence on the ground that the trial court erred in sentencing him as a habitual felony offender.

It is well established that some types of collateral challenge do not render subsequent habeas petitions "second or successive." *See* Slack v. McDaniel, 529 U.S. 473, 486-87, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (dismissal of petitioner's section 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Walker v. Crosby, 341 F.3d 1240, 1245 (11th Cir. 2003) (same); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-44, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing

indigent criminal appeals does not render later section 2254 petition successive); <u>Benton v. Washington</u>, 106 F.3d 162, 165 (7th Cir. 1996) (section 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

In the instant case, Petitioner's first federal habeas petition was dismissed with prejudice on the ground that Petitioner failed to prosecute the action and failed to comply with an order of the court (*see* Doc. 21, Exs. Q, R). The record reflects that the respondent filed a response to Petitioner's first habeas petition, which the court treated as a motion for summary judgment (*id*., Exs. P, Q). On December 30, 1992, the court ordered Petitioner to respond to the summary judgment motion, however, the order was returned undelivered by the postal service (*id.*, Ex. Q). The court's electronic docket indicates that on March 2, 1993, the court issued an order advising Petitioner that the prior order had been returned undelivered and that if the March 2 order was returned undelivered, the habeas action would be dismissed for failure to prosecute and failure to keep the court advised of his current address (*see* Case No. 3:92cv30387, Doc. 12). Although the March 2 order was not returned as undelivered, the court dismissed the habeas action with prejudice for failure to prosecute and failure to comply with an order of the court because no pleadings or correspondence had been received from Petitioner since November 12, 1992 (*see* Doc. 21, Ex. Q). Therefore, the petition was dismissed with prejudice (*id*., Exs. Q, R). *See* <u>Slack v. McDaniel</u>, 529 U.S. at 489 (failure to comply with an order of the court is grounds for dismissal with prejudice).

The undersigned concludes that it is unclear whether Petitioner's first federal habeas petition was the type of collateral challenge that rendered the instant subsequent habeas petition "second or successive." In his first federal petition, Petitioner claimed he was suffering an unconstitutional delay of the direct appeal of his conviction and sentence because the state appellate court permitted an extension of time for his appointed counsel to file an initial brief (*see* Doc. 21, Ex. O). Thus, it appears the action may have been in the nature of mandamus, because Petitioner sought this Court's intervention in the state appellate process to expedite his appeal. The facts of this case are similar those in <u>Reeves v. Little</u>, 120 F.3d 1136 (10th Cir. 1997), where the Tenth Circuit held that a prior habeas action challenging only the constitutionality of the state's system of processing indigent criminal appeals did not render a later section 2254 petition successive. Accordingly, dismissal of the instant habeas petition as successive does not appear appropriate.

However, the instant petition is subject to dismissal as time-barred. Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of habeas petitions by person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Petitioner does not dispute Respondent's assertion that his conviction became final prior to the AEDPA's effective date; therefore, in keeping with the one year grace period allowed for convictions pre-dating the AEDPA, *see* Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000), Petitioner had until April 23, 1997, to file his federal habeas petition. Petitioner's later filed state postconviction motion did not toll the filing period because the filing period had already expired. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Therefore, Petitioner's habeas petition, filed on January 26, 2005, was obviously untimely.

Petitioner does not suggest, nor does he allege facts to demonstrate, that he is entitled to equitable tolling of the statutory limitations period. Furthermore, Petitioner does not allege he is actually innocent of the crimes for which he was convicted. Therefore, Petitioner's federal habeas petition is time-barred.[1]

---

[1] In his response to the motion to dismiss, Petitioner responded only to the issue of whether the instant petition is subject to dismissal as a second or successive petition; he did not argue that the instant petition was timely (*see* Doc. 22).

Based upon the foregoing, this court concludes that the instant petition is untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1.	That Respondent's amended motion to dismiss (Doc. 21) be **GRANTED**.

2.	That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as time-barred.

**DONE AND ORDERED** this 12th day of September 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**